IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AUSTIN LEE PIPE, SR.,<br><br>Defendant. | CR 20-48-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Austin Lee Pipe, Sr. (Pipe) has been accused of violating the conditions of his supervised release. Pipe admitted all of the alleged violations. Pipe's supervised release should be revoked. Pipe should be placed in custody for 2 months, with 34 months of supervised release to follow. Pipe should serve the first 90 days of supervised release in a secure inpatient drug treatment facility.

## II. Status

Pipe pleaded guilty to Assault Resulting in Substantial Bodily Injury on December 16, 2020. (Doc. 36). The Court sentenced Pipe to 24 months of custody, followed by 3 years of supervised release. (Doc. 44). Pipe's current term of supervised release began on March 18, 2022. (Doc. 50 at 1).

**Petition**

The United States Probation Office filed a Petition on October 12, 2022, requesting that the Court revoke Pipe's supervised release. (Doc. 50). The Petition alleged that Pipe had violated the conditions of his supervised release: 1) by using fentanyl; and 2) by failing to maintain full time employment.

**Initial appearance**

Pipe appeared before the undersigned for his initial appearance on November 16, 2022. Pipe was represented by counsel. Pipe stated that he had read the petition and that he understood the allegations. Pipe waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 16, 2022. Pipe admitted that he had violated the conditions of his supervised release: 1) by using fentanyl; and 2) by failing to maintain full time employment. The violations are serious and warrant revocation of Pipe's supervised release.

Pipe's violations are Grade C violations. Pipe's criminal history category is I. Pipe's underlying offense is a Class C felony. Pipe could be incarcerated for up to 24 months. Pipe could be ordered to remain on supervised release for up to

36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Pipe's supervised release should be revoked. Pipe should be incarcerated for 2 months, with 34 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Pipe should serve the first 90 days of supervised release in a secure inpatient drug treatment facility.

### IV. Conclusion

The Court informed Pipe that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Pipe of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Pipe that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Pipe stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

>That Austin Lee Pipe, Sr. violated the conditions of his supervised release: by using fentanyl; and by failing to maintain full time employment.

3

The Court **RECOMMENDS:**

That the District Court revoke Pipe's supervised release and commit Pipe to the custody of the United States Bureau of Prisons for 2 months, with 34 months of supervised release to follow. Pipe should serve the first 90 days of supervised release in a secure inpatient drug treatment facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of November, 2022.

John Johnston
United States Magistrate Judge