IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-48-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| AUSTIN LEE PIPE, SR., | |
| Defendant. | |

## I.  Synopsis

Defendant Austin Lee Pipe, Sr. (Pipe) has been accused of violating the conditions of his supervised release.  Pipe admitted all of the alleged violations.  Pipe's supervised release should be revoked.  Pipe should be placed in custody for 4 months, with 30 months of supervised release to follow.

## II.  Status

Pipe pleaded guilty to Assault Resulting in Substantial Bodily Injury on December 16, 2020.  (Doc. 36).  The Court sentenced Pipe to 24 months of custody, followed by 3 years of supervised release.  (Doc. 44).  Pipe's current term of supervised release began on December 19, 2022.  (Doc. 69 at 2).

**Petition**

The United States Probation Office filed a Petition on March 13, 2024, requesting that the Court revoke Pipe's supervised release. (Doc. 69). The Petition alleged that Pipe had violated the conditions of his supervised release by: 1) failing to comply with his substance abuse treatment requirements; 2) failing to comply with his substance abuse testing requirements; and 3) failing to refrain from any unlawful use of a controlled substance by using methamphetamine, MDMA and fentanyl.

On April 11, 2024, the United States Probation Office filed an Amended Petition again requesting that the Court revoke Pipe's supervised release. (Doc. 79). The Amended Petition alleged that Pipe had violated the conditions of his supervised release by (4) failing to refrain from the unlawful use of a controlled substance by using methamphetamine on April 7, 2024.

**Initial appearance**

Pipe appeared before the undersigned for his first initial appearance on March 26, 2024. Pipe was represented by counsel. Pipe stated that he had read the petition and that he understood the allegations. Pipe waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

2

**Revocation hearing**

The Court conducted a revocation hearing on March 26, 2024. Pipe admitted that he had violated the conditions of his supervised release: 1) by failing to comply with his substance abuse treatment requirements; 2) by failing to comply with his substance abuse testing requirements; and 3) by using methamphetamine.

The Court stated the sentencing portion of the hearing would be continued for approximately 90 days. The Court released Pipe from custody pending a sentencing hearing, subject to the release conditions previously imposed. The Court ordered the sentencing portion of Pipe's revocation hearing to be held on June 16, 2024 at 1:30 p.m.

**Second Initial appearance**

Following the United States Probation Office's filing of the Amended Petition, Pipe again appeared before this Court on April 16, 2024 for another revocation hearing. Pipe was represented by counsel Pipe stated that he had read the amended petition and that he understood the allegations. Pipe waived his right to a preliminary hearing on the new allegation. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation hearing**

The Court conducted a revocation hearing on April 16, 2024. Pipe waived an evidentiary hearing.  The Court then noted that on March 26, 2024, Pipe had admitted he had violated the conditions of his supervised release: 1) by failing to comply with his substance abuse treatment requirements; 2) by failing to comply with his substance abuse testing requirements; and 3) by using methamphetamine. Pipe then admitted to violation 4 set forth in the Amended Petition, specifically admitting using methamphetamine on April 7, 2024. Pipe's violations are serious and warrant revocation of Pipe's supervised release.

Pipe's violations are Grade C violations.  Pipe's criminal history category is I.  Pipe's underlying offense is a Class C felony.  Pipe could be incarcerated for up to 24 months.  Pipe could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.  Analysis

Pipe's supervised release should be revoked.  Pipe should be incarcerated for 4 months, with 30 months of supervised release to follow.  During, the first sixty (60) days of Pipe's supervised release Pipe, shall be placed in a secure in-patient drug treatment facility.  This sentence is sufficient but not greater than

necessary.

### IV.  Conclusion

The Court informed Pipe that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Pipe of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Pipe that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Pipe stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Austin Lee Pipe, Sr. violated the conditions of his supervised release: by failing to comply with his substance abuse treatment requirements; by failing to comply with his substance abuse testing requirements; and by unlawfully using controlled substances, specifically methamphetamine and fentanyl.

The Court **RECOMMENDS:**

> That the District Court revoke Pipe's supervised release and commit Pipe to the custody of the United States Bureau of Prisons for 4 months, with 30 months of supervised release to follow. It is further recommended that Pipe be allowed to serve his sentence in the District of Montana.
>
> During, the first sixty (60) days of Pipe's supervised release Pipe,

shall be placed in a secure in-patient drug treatment facility. This sentence is sufficient but not greater than necessary. The Court further recommends that Pipe be allowed to serve his custodial portion of his sentence in the District of Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of April, 2024.

_____
John Johnston
United States Magistrate Judge

6