IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AUSTIN LEE PIPE, SR., Defendant. | CR 20-48-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Austin Lee Pipe, Sr., (Pipe) has been accused of violating conditions of his supervised release. (Doc. 88). Pipe admitted the alleged violation. Pipe's supervised release should be revoked. Pipe should be sentenced to custody for 4 months with no term of supervised release to follow.

## II. Status

Pipe was found guilty on December 16, 2020, of the offense of Assault Resulting in Substantial Bodily Injury, in violation of 18 U.S.C. Sections 113(a)(7) and 1513(a) as charged in Count 2 of the Indictment. (Doc. 36). Pipe was sentenced to 24 months of custody, followed by 3 years of supervised release to follow. (Doc. 44). Pipe's current term of supervised release began on July 26, 2024.

**Petition**

On August 19, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Pipe's supervised release. (Doc. 88). The Petition alleged Pipe violated conditions of his supervised release by: (1) being terminated from his secure in-patient drug treatment placement at Connections Corrections on August 16, 2024.

**Initial Appearance**

Pipe appeared before the Court on August 27, 2024, for his initial appearance. Pipe was represented by counsel.  Pipe stated that he had read the Petition and that he understood the allegation against him.  Pipe waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Pipe appeared before the Court on August 27, 2024.  Pipe admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) being terminated from his secure in-patient drug treatment placement at Connections Corrections on August 16, 2024.  The Court determined the violation is serious and warrants revocation of Pipe's supervised release.

**Sentencing hearing**

Pipe appeared before the Court on August 27, 2024. Pipe's violation is a Grade C violation. His criminal history category is I. Pipe's underlying offense is a Class D felony. Pipe could be incarcerated for up to 24 months. Pipe could be ordered to remain on supervised release for 30 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.   Analysis

Pipe's supervised release should be revoked. Pipe should be sentenced to custody for 4 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Pipe that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Pipe of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Pipe that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That AUSTIN LEE PIPE SR. has violated the conditions of his supervised release by: (1) being terminated from his secure in-patient drug treatment placement at Connections Corrections on August 16, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Pipe's supervised release and sentence Pipe to custody for 4 months, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 28th day of August 2024.

John Johnston
United States Magistrate Judge